## O.H. Materials Co. v. Limbach
### [Cite as 8 AOA 142]

*Case No. 5-89-2*
*Hancock County, (3rd)*
*Decided November 26, 1990*

*Nancy B. Gall and Nancy Paine Sabel, Jones, Day, Reavis, & Pogue, 1900 Huntington Center, Columbus, Ohio 43215, for Appellant.*

*Anthony J. Celebrezze, Jr. Attorney General and James C. Sauer, Asst., State Office Tower - 10th Floor, 30 East Broad Street, Columbus, Ohio 43215, Attorney for Appellee.*

MILLER, J.

This is an appeal by appellant, O.H. Materials Co., and a cross-appeal by the Tax Commissioner of Ohio, from a.decision of the Board of Tax Appeals affirming in part and reversing in part the determination of the Tax Commissioner.

Appellant, O.H. Materials, an Ohio corporation, with its headquarters in Findlay, Ohio, operates a hazardous waste disposal service doing business in Ohio and other states.

Pursuant to R.C. 5733.05, O.H. Materials filed a claim with the Ohio Department of Taxation for a refund of $165,251.00 of corporation franchise taxes paid for the tax year 1982.

On January 29, 1987, a Certificate of Final Determination was filed by the Tax Commissioner wherein the refund claim by O.H. Materials was denied.

O.H. Materials filed an appeal with the Board of Tax Appeals. The board in its Decision and Order found the following:

"***

"Therefore, the Board finds that the portion of the final determination which found that the appellant did not establish a separate base of operations in New Jersey is affirmed. However, the Board finds that the Tax Commissioner erred in failing to exclude the compensation paid to employees who did not perform services in Ohio during the years in question from the numerator of the payroll factor. The matter is therefore remanded to the Tax Commissioner for a recomputation of the payroll factor consistent with this decision."

Appellant asserts the following assignments of error:

"1. "THE BOARD ERRED IN DENYING OHM'S REQUEST THAT WAGES OHM PAID ITS EMPLOYEES FOR WORK PERFORMED IN NEW JERSEY BE EXCLUDED FROM THE NUMERATOR OF OHIO'S PAYROLL FACTOR.

"2. THE BOARD ERRED IN HOLDING THAT OHM DID NOT ESTABLISH A BASE OF OPERATIONS IN NEW JERSEY.

"3. THE BOARD ERRED IN IGNORING THE EVIDENCE THAT THE STATE OF NEW JERSEY ASSESSED OHM'S PAYROLL IN THE AMOUNT OF $1,098,636 FOR THE NEW JERSEY CORPORATION BUSINESS TAX.

"4. THE BOARD'S DECISION IS INEQUITA-
BLE BECAUSE AS A RESULT OF THE
DECISION, BOTH OHIO AND NEW JER-
SEY HAVE INCLUDED THE SAME WAGES
IN THEIR PAYROLL FACTORS.

"5. THE BOARD'S DECISION IS AGAINST
THE MANIFEST WEIGHT OF THE EVI-
DENCE AND FURTHER VIOLATES THE
PROVISIONS OF R.C. 5733.05 AS THAT
SECTION SHOULD BE CONSTRUED
AND APPLIED.

"6. THE BOARD ERRED IN FAILING TO
GRANT THE REFUND CLAIM OF
$65,018 FILED BY OHM"

Appellee Cross-Appellant, Joanne Limbach,
Tax Commissioner of Ohio, asserts the following
cross-assignments of error:

"1. THE BOARD OF TAX APPEALS ERRED
INSOFAR AS IT FOUND THAT THE TAX
COMMISSIONER HAD FAILED TO EX-
CLUDE FROM THE NUMERATOR OF THE
TAXPAYER'S FRANCHISE TAX PAYROLL
FACTOR COMPENSATION PAID TO EM-
PLOYEES, WHO WERE NOT OHIO RESI-
DENTS AND WHO PERFORMED NO SER-
VICES IN OHIO DURING THE
YEARS IN QUESTION.

"2. THE BOARD OF TAX APPEALS ERRED
IN REVERSING THE TAX
COMMISSIONER'S COMPUTATION OF
THE PAYROLL FACTOR, WITHOUT MAK-
ING A FINDING AS TO THE SPECIFIC
COMPOSITION OF THE NUMERATOR OF
THE PAYROLL FACTOR TO SHOW THE
EXTENT TO WHICH THAT NUMERATOR
DID, IN FACT, INCLUDE COMPENSATION
TO EMPLOYEES, WHO WERE NOT OHIO
RESIDENTS AND WHO DID NOT PER-
FORM SERVICES IN OHIO DURING THE
PERIOD IN QUESTION.

"3. THE BOARD OF TAX APPEALS ERRED
IN REVERSING THE TAX
COMMISSIONER'S COMPUTATION OF
THE PAYROLL FACTOR, BECAUSE
THERE WAS NO EVIDENCE IN THE
RECORD SHOWING THAT ANY PART OF
THE NUMERATOR OF THAT FACTOR
WAS IMPROPERLY INCLUDED BY THE
TAX COMMISSIONER.

"4. THE BOARD OF TAX APPEALS ERRED
INSOFAR AS IT BASED ITS REVERSAL OF
THE TAX COMMISSIONER'S PAYROLL
FACTOR ON FIGURES FROM THAT
PERIOD THAT DO NOT CORRESPOND TO
THE PERIOD IN QUESTION."

The order of the Board of Tax Appeals will
not be reversed unless it is unreasonable or
unlawful. See, *Cincinnati Bengals v. Lindley*
(1980), 61 Ohio St.2d 177.

The Supreme Court in *Cincinnati Bengals
v. Lindley, supra* at 179 stated:

"The Ohio franchise tax is an excise tax
levied against a corporation '*** for the privi-
lege of exercising the franchise during the
calendar year for which such amount is payable
***.' R.C. 5733.01(A). The tax rates are deter-
mined by R.C. 5733.06. The tax rates, as de-
scribed in R.C. 5733.06, are applied to the value
of the issued and outstanding shares of stock,
pursuant to R.C. 5733.05. The value of the
issued and outstanding shares of stock is deter-
mined by either the 'net worth' method (R.C.
5733.05[A] or the 'net income' method (R.C.
5733.05[B]). For the years in question, appellant
computed its Ohio franchise tax under the 'net
income' method. The amount of appellant's
payroll allocated to Ohio is relevant in deter-
mining the amount of the franchise tax."

In this case, appellant computed its Ohio
franchise tax under the "net income" method.

A corporation's Ohio franchise tax is based
on a three-factor formula consisting of appel-
lant's Ohio property, payroll and sales both in
Ohio and outside Ohio. The computation estab-
lishes the percentage of appellant's net income
that is to be considered in determining
appellant's Ohio franchise tax. R.C. 5733.04(I).

The first issue for determination is whether
compensation to appellant's employees which is
allocable to non-Ohio services is compensation
paid in Ohio for purposes of determining the
"payroll factor", as defined in R.C. 5733.05(B)
(2)(b), which provides in pertinent part:

"(b) The payroll factor is a fraction the
numerator of which is the total amount paid in
this state during the taxable year by the corpo-
ration for compensation, and the denominator of
which is the total compensation paid every-
where by the corporation during such year.
There shall be excluded from the numerator
and the denominator of the payroll factor the
total compensation paid in this state to employ-
ees who are primarily engaged in qualified
research.

"(i) Compensation means any form of renumeration paid to an employee for personal services.

"(ii) Compensation is paid in this state if: (1) the recipient's service is performed entirely within this state, (2) the recipient's service is performed both within and without this state but the service performed without this state is incidental to the recipient's service within this state, (3) some of the service is performed within this state and either the base of operations, or if there is no base of operations, the place from which the service is directed or controlled is within this state, or the base of operations or the place from which the service is directed or controlled is not in any state in which some part of the service is performed, but the recipient's residence is in this state.

"***"

Appellant argues that its "base of operations" was not in Ohio. The Board of Tax Appeals found that appellant's base of operations was in fact located in Ohio. Appellant contends that its base of operations was in New Jersey and that the services provided during the tax years in question were directed and controlled outside of Ohio.

The Court in *Hi-Way Paving, Inc. v. Limbach* (Dec. 31, 1987), Franklin App. No. 86AP-928, unreported, a case interpreting the term "base of operations" as set forth in R.C. 5733.05(B)(2)(b), provides:

"*** The term 'base of operations,' as set forth in R.C. 5733.05(B)(2)(b)(ii), is not defined. Hence, any doubt concerning the meaning of the phrase must be construed in favor of the taxpayer. Since base of operations is not defined by the statute, its meaning must be derived for ordinary and common usage. 'Base' is defined by Webster's New World Dictionary of American Language, Second, College Edition (1976), as follows: '(1) The thing or part upon which something rests; foundation *** (4) anything from which a start is made *** (7) the center of operations or source of supply; headquarters ***.'"

There is evidence here that appellant's home office is in Findlay, Ohio. Further, the corporation's administrative offices, equipment repair and maintenance facility, equipment fabrication facility, and analytical laboratory are located in Findlay, Ohio. (T. 23)

In addition, the corporation's payroll department is located at the Findlay office. (T. 46) There is evidence in the record indicating that employees, while working at a jobsite, would prepare their own time cards, which include the number of hours worked. (T.46) The on-site personnel would then telephone the hours worked to the payroll department in Findlay that would calculate the gross pay for the employees and deposit the funds into a designated financial institution. (T. 46)

There is further evidence in the record to indicate that the assignment. of equipment to various jobs is coordinated by resource managers located at the Findlay office. (T. 110-11)

Although many of the decisions relating to the performance of the appellant's contracts were made by the on-site personnel on sites outside of Ohio, the board found in pertinent part that:

"the base of operations for the appellant herein is also located in Ohio. As in *Hi-Way Paving,* activities have been performed by the appellant both within and without this state. However, the tenor of the decisions made in New Jersey is not sufficient to establish a base of operations in New Jersey. The fixed base laboratory, was located in Ohio, the administrative offices which calculated pay and directly deposited wages into employee accounts was located in Ohio, the equipment maintenance facility is located in Ohio, as well as the fabrication facility. Although addenda to the contract were negotiated and entered into in New Jersey, the original contract was not. The appellant did not establish a separate base of operations in New Jersey. Upon completion of the two projects, the operations in New Jersey were dismantled."

We conclude that the board's finding that the appellant's base of operations was located in Ohio was neither unlawful nor unreasonable.

The appellant further contends that the wages in question must be excluded from the numerator of the Ohio payroll factor in order to avoid an inequitable result. However, we find no statutory provision or case law excluding from the numerator of the payroll factor compensation included in a foreign state's franchise taxing formula.

Lastly, the appellant contends that if the court refuses to find a separate base of operations in New Jersey, the wages OHM paid its employees who worked in New Jersey at the New Jersey sites must be excluded from the numerator of Ohio's payroll factor because these employees performed no services in Ohio for the New Jersey projects.

As noted above, in determining the payroll factor formula R.C. 5733.05(B)(2)(b) provides as pertinent:

"(b) *** The payroll factor is a fraction the numerator of which is the total amount paid in this state during the taxable year by the corporation for compensation ***," and "(ii) Compensation is paid in this state if: *** some of the service is performed within this state and either the base of operations, or if there is no base of operations, the place from which the service is directed or controlled is within this state ***."

In its reply brief (page 3 and 4) appellant concedes that its employees performed services in Ohio and New Jersey in the tax year 1982, but argues that none of its employees performed services in Ohio for the New Jersey projects.

As indicated in R.C. 5733.05(B)(2)(b) in order for compensation to be "paid in this state", some of the employee's services must be performed in the state of Ohio during the taxable year (see, *Hi-Way Paving, supra*), and the base of operations must be in this state, as we have at forth above.

The Court in *Hi-Way Paving, Inc., supra,* in its interpretation of R.C. 5733.05(B)(2)(b) stated:

"R.C. 5733(B)(2)(b)(ii) addresses services actually performed. It is immaterial whether employees could have performed some work in Ohio during the taxable year involved. Moreover, it is irrelevant that employees worked in Ohio in other previous taxable years. The issue is the amount of compensation paid in the state during the *taxable years* in question for purposes of determining the 'payroll factor' formula." (Original Emphasis).

We conclude that the record supports the conclusion that the compensation in question was "paid in this state."

Assignments of error numbers one, two, three, four, five and six are not well taken.

The appellee in its cross-appeal contends that the Board of Tax Appeals erred by finding that the Tax Commissioner failed to exclude the compensation paid to twenty-nine employees who did not perform services in Ohio during the years in question from the numerator of the payroll factor.

As noted above appellant in its reply brief acknowledged that the twenty-nine employees should not have been excluded from the numerator of the payroll factor in determining the Ohio franchise tax for the reason that they performed no services in Ohio as held by the Board of Tax Appeals. However, the appellant does contend that the wages of the twenty-nine employees should have been excluded from the numerator of the payroll factor for the same reasons that all of the employees' wages in question should have been excluded, i.e., that the base of operations was not in Ohio and the employees did not perform services in Ohio while assigned to the New Jersey sites.

We conclude that the Board of Tax Appeals could reasonably find that appellant's base of operations during the tax years in question was in Ohio and could further reasonably and lawfully conclude that the wages of those employees who performed services at the New Jersey sites are includable in the numerator of the payroll factor. Thus, based on the above findings, we further conclude that the wages of the twenty-nine employees should have been included in the numerator of the payroll factor.

Appellee's cross-assignments of error are well taken.

The order of the Board of Tax Appeals is affirmed in part and reversed in part, and the cause is remanded to the Board to Tax Appeals for further proceedings consistent with this opinion and in accordance with law.

*Judgment affirmed in part
and reversed in part.*

SHAW, P.J., and EVANS, J., concur.